UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| BARBARA BARBER, | ) | CASE NO. 3:05 CV 7255 |
| | ) | |
| Plaintiff, | ) | JUDGE JAMES G. CARR |
| | ) | |
| v. | ) | |
| | ) | OPINION AND ORDER |
| HOLLYWOOD VIDEO, | ) | |
| | ) | |
| Defendant. | ) | |

On June 16, 2005, plaintiff pro se Barbara Barber filed this in forma pauperis action against Hollywood Video store.  She alleges that the defendant damaged her reputation.  For the reasons set forth below, this action is dismissed.

In her brief complaint, Ms. Barber states that she went in to a Hollywood Video store one night to rent DVDs.  While walking through the store, the "director" called over to her and stated that Ms. Barber had previously placed DVDs in her bag and walked out of the store. The director went on to state that she believed petitioner's name is Melody, but that "all black people look alike." (Compl. at 1.)  She added that if Ms. Barber had concerns regarding these allegations she should contact the office.

Ms. Barber left the store bewildered by the store employee's statements. She claims that she never left a Hollywood Video store without paying, but is also part of the store's Free Rental club which permits her to rent movies free of charge. She maintains that her reputation was damaged as a result of mistaken identity and seeks the restoration of her dignity.

Although pro se pleadings are liberally construed, Boag v. MacDougall, 454 U.S. 364, 365 (1982) (per curiam); Haines v. Kerner, 404 U.S. 519, 520 (1972), the district court is required to dismiss an action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.[1] Neitzke v. Williams, 490 U.S. 319 (1989); Lawler v. Marshall, 898 F.2d 1196 (6th Cir. 1990); Sistrunk v. City of Strongsville, 99 F.3d 194, 197 (6th Cir. 1996). For the reasons stated below, this action is dismissed pursuant to section 1915(e).

At the top of Ms. Barber's complaint is the caption: "Racial Discrimination." The bottom pages of the complaint are labeled: "Mistake identity." Although these captions echo the heart of her complaint before this court, there is no statement or reference in the complaint that sets forth this court's jurisdiction over the matter. Principles requiring generous construction of pro se pleadings are not without limits. Beaudett v. City of Hampton, 775 F.2d 1274, 1277 (4th Cir. 1985). District courts are not required to conjure up questions never squarely presented to them or to construct full blown claims from sentence fragments. Id. at 1278. To do so would "require ...[the courts] to explore

---

[1] A claim may be dismissed sua sponte, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute. McGore v. Wrigglesworth, 114 F.3d 601, 608-09 (6th Cir. 1997); Spruytte v. Walters, 753 F.2d 498, 500 (6th Cir. 1985), cert. denied, 474 U.S. 1054 (1986); Harris v. Johnson, 784 F.2d 222, 224 (6th Cir. 1986); Brooks v. Seiter, 779 F.2d 1177, 1179 (6th Cir. 1985).

exhaustively all potential claims of a pro se plaintiff, ... [and] would ...transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." Id. at 1278. Further, legal conclusions alone are not sufficient to present a valid claim, and this court is not required to accept unwarranted factual inferences. Morgan v. Church's Fried Chicken, 829 F.2d 10, 12 (6th Cir. 1987); see Place v. Shepherd, 446 F.2d 1239, 1244 (6th Cir. 1971) (A pleading will not be sufficient to state cause of action under Civil Rights Act if its allegations are but conclusions). Ms. Barber's failure to identify a particular legal theory in this complaint places an unfair burden on the defendant to speculate on the potential claims she may be raising against it and the defenses it might assert in response to each of these possible causes of action. See Wells v. Brown, 891 F.2d 591, 594 (6th Cir. 1989). Even liberally construed, the complaint does not sufficiently state a federal constitutional claim or claims upon which Ms. Barber intends to base this action.

      Accordingly, plaintiff's Motion to Proceed In Forma Pauperis is granted and this action is dismissed under section 1915(e). The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[2]

      IT IS SO ORDERED.

                              S/ JAMES G. CARR
                              CHIEF JUDGE

---

[2]    28 U.S.C. § 1915(a)(3) provides:

      An appeal may not be taken in forma pauperis if the trial court certifies that it is not taken in good faith.

UNITED STATES DISTRICT COURT